FILED
United States Court of Appeals
Tenth Circuit

June 9, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KRISTEN JENSEN;
RICHARD M. JENSEN,

        Plaintiffs-Appellants,

v.

AMERICA'S WHOLESALE
LENDER; COUNTRYWIDE HOME
LOANS, INC.; BAC HOME LOANS
SERVICING, L.P.; BANK OF
AMERICA, N.A.; SCOTT
LUNDBERG; MORTGAGE
ELECTRONIC REGISTRATION
SYSTEM, INC.; RECON TRUST
COMPANY, N.A.; WENDY
MCKNIGHT; JOHN AND JANE
DOES 1-100; TRUSTEES 1-100,

        Defendants-Appellees.

No. 10-4147
(D.C. No. 1:09-CV-00169-TS)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **MATHESON**, **McKAY**, and **EBEL**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Richard and Kristen Jensen, proceeding pro se, brought this action, alleging that defendants conspired to foreclose on their home.[1]  In their amended pro se complaint, the Jensens claimed (1) extortion; (2) fraud; (3) violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962; (4) civil conspiracy; (5) violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*; (6) breach of the implied covenant of good faith and fair dealing; and (7) unjust enrichment.  They sought money damages, as well as declaratory and injunctive relief, and eventually moved to amend their complaint a second time. The district court denied leave to amend on grounds of futility and dismissed the action with prejudice for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6). The Jensens now appeal, arguing that they could establish their fraud claim if allowed to engage in discovery.[2]

"We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Leverington v. City of Colo. Springs*, ___ F.3d ___, 2011 WL 1678070, at *2 (10th Cir. May 5, 2011).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a

---

[1]     We afford the Jensens' pro se pleadings and materials a liberal construction.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2]     The Jensens' failure to advance any argument to support their other claims forfeits appellate review of those claims.  *See United States v. Yelloweagle*, ___ F.3d ___, 2011 WL 1632095, *at 5 (10th Cir. May 2, 2011); *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." (brackets and quotation omitted)).

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. Although the complaint need not recite "detailed factual allegations, . . . the factual allegations must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009) (quotation omitted).

The district court determined that the Jensens' fraud claim was implausible and failed to satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *see also United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726–27 (10th Cir. 2006) (stating that Rule 9(b) requires a plaintiff to "set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof" (internal quotation marks omitted)). The court reasoned that the Jensens offered only "labels and conclusions . . . devoid of factual enhancement," and "broad, vague, and conclusory allegations [that failed to] meet the stricter requirements of Rule 9(b)." R., Vol. 1 at 273. We agree with this assessment.

The amended complaint generally alleged that "Defendants established a pattern and practice of harming [the Jensens]." *Id.* at 44. Among other things, the Jensens accused defendants of failing to properly credit their mortgage payments or correctly calculate their interest charges. They also charged defendants with manipulating their payment history to simulate a default and denying them an adjustment on their interest rate. Once the Jensens were in default, the amended complaint says defendants refused to stop foreclosure proceedings, even after the Jensens paid the amount due. To support their fraud claim, the Jensens averred that "Defendants individually and/or through [their] authorized agents" made "false and misleading" statements "prior to and after the Notice of Default and Election to Sell." *Id.* at 48. The alleged misrepresentations pertained to the extent of the Jensens' delinquency, their likelihood of completing a loan modification process, and the time it would take to complete that process.

As the district court correctly observed, these are "the type of 'unadorned, the-defendant-unlawfully-harmed-me accusation[s]' . . . rejected by the Supreme Court." *Id.* at 272 (quoting *Iqbal*, 129 S. Ct. at 1949). There are no allegations identifying the culpable defendants or their incriminating misconduct; nor are there any facts setting forth "the who, what, when, where and how of the alleged fraud," *Sikkenga*, 472 F.3d at 727. Rather, the Jensens simply speculate that defendants and/or their agents collectively engaged in various instances of wrongdoing that eventually culminated in the foreclosure of their home. While

-4-

this might suggest "that *some* plaintiff could prove *some* set of facts in support of the pleaded claims, . . . the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quotation omitted). As pleaded, the amended complaint "has alleged—but it has not shown—that the [Jensens are] entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quotations omitted). It follows, then, that the Jensens fail to meet the heightened pleading standard of Rule 9(b).

The Jensens do not attempt to bolster the sufficiency of their complaint on appeal. They refer to no facts to substantiate their allegations of harm and cite no specifics underlying their claim of fraud. Instead, they maintain their broad accusations against defendants collectively, and summarily conclude that the district court erred because it misunderstood the foreclosure process. Though they insist they could establish their fraud claim with discovery, our pleading standard "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1949. And while we do not doubt the veracity of the Jensens' allegations, the broad and conclusory nature of those allegations preclude us from evaluating the merit of their claim. Simply put, the Jensens failed to plead their fraud claim with the particularity required to satisfy our pleading standard, and their appellate brief does not address that deficiency. Accordingly, having reviewed the record, the parties' appellate

materials, and the district court's well-reasoned order, we AFFIRM the district

court for substantially the same reasons articulated in the court's order dated

July 8, 2010.[3]

Entered for the Court


David M. Ebel
Circuit Judge

---

[3]     To the extent the Jensens appeal the denial of their request to amend on futility grounds, we perceive no abuse of discretion. *See United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009).